# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE A. KOPERA, | : |
| Plaintiff, | : |
| | : **C.A. No.:** |
| vs. | : |
| | : JURY TRIAL |
| | : DEMANDED |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS INC. AND CHAMAYNE LEWIS | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Catherine A. Kopera, sues Defendant, Connections Community Support Programs, Inc., a Delaware Limited Liability Company, and Chamayne Lewis, an individual, shows:

## Introduction

1. This is an action by Catherine A. Kopera against her former employer for unpaid overtime, unpaid wages pursuant to the Fair Labor Standards Act. By the filing of this action, Plaintiff seeks damages and a reasonable attorney's fee.

## Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within Dover, Kent County, Delaware, in the District of Delaware, which is where venue is proper.

## Parties and General Allegations

4. Plaintiff, Catherine A. Kopera, (hereinafter "Kopera") is a resident of Dover, Delaware.

5. On or around October 2016, Kopera became employed with Connections Community Support Programs, Inc. ("Connections CSP).

6. Kopera worked 40-50 hours per week, being paid $18 per hour.

7. Kopera worked these hours for 1 year, three months, and 24 days.

8. The minimum amount of time that Kopera worked in one week during that time was 45 hours.

9. There were numerous instances when Kopera worked close to 50 hours a week.

10. Kopera never received overtime pay even though she worked in excess of 40 hours a week.

11. Kopera was at all times material, employed by Connections CSP and Lewis as a re-entry case manager and was an employee as defined by 29 U.S.C. § 203(e).

12. Defendants, Connections CSP  does business in Kent County, Delaware, are an enterprise engaged in an industry affecting commerce, and is an employers as defined by 29 U.S.C. § 203(d), which have employees subject to the

provisions of the FLSA, 29 U.S.C. § 207, in the locations where Kopera was employed.

13. Defendant, Chamayne Lewis was Kopera's supervisor at Defendant Connections CSP and directed and managed Kopera's schedule.

14. Defendant Lewis acted and acts directly in the interests of Defendant Connections CSP, in relation to its employees. Thus, Lewis was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

15. In addition, Plaintiff was never compensated for 40 hours of vacation time which she earned as an employee of Connections CSP.

## COUNT I
## VIOLATION OF FLSA BY DEFENDANTS CONNECTIONS CSP AND CHAMAYNE LEWIS - OVERTIME

16. Plaintiff, Catherine A. Kopera, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 15 above.

17. Since on or about October 2016 up to and including January 2018, Defendants Connections CSP and Lewis have willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically Kopera, since October 2016, has worked in excess of 40 hours a week every week of his employment, and was not compensated

for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

18. The failure to pay overtime compensation to Kopera is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee. In the alternative, if Kopera was exempt, Defendants' actions and/or conduct have effectively removed any exemption that may have applied to Kopera.

20. Defendants' actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and Kopera's status as non-exempt, but chose not to pay her in accordance with the Act.

21. Kopera is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants Connections CSP and Chamayne Lewis:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

**WHEREFORE**, Plaintiff, Catherine A. Kopera, prays that this court will grant judgment against Defendants Connections CSP and Chamayne Lewis, jointly and severally:

    a.    awarding Kopera payment of overtime compensation and compensation found by the court to be due to her under the Act, including pre-judgment interest;

    b.    awarding Kopera an additional equal amount as liquidated damages;

    c.    awarding additional liquidated damages for unreasonably delayed payment of wages;

    d.    awarding Kopera his costs, including a reasonable attorney's fee; and

    e.    granting such other and further relief as is just.

**BROWN, SHIELS & BEAUREGARD, LLC**

/s/ Ronald G. Poliquin
RONALD G. POLIQUIN, ESQUIRE
Delaware Bar ID No. 4447
502 S. State Street
Dover, DE  19901
(302) 734-4766
Attorney for Plaintiff

Filed: May 4, 2018